■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Berkowitz, J., at trial; Yoswein, J., at sentence), rendered November 26, 1984, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Alfano, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On July 27, 1982, Peace Officer Pratt, who was then working as a uniformed security guard at the Williamsburgh Savings Bank, received a communication that there was a suspicious looking black male wearing cutoff jeans and a tee shirt, carrying a shopping bag, loitering on the fifth floor. Pratt proceeded to the fifth floor where he found the defendant, who fit the description of the suspicious individual, standing in front of an attorney's office. Pratt beckoned to the defendant and the defendant immediately fled up the stairs. Pratt radioed for assistance and gave chase. He found the defendant on the seventh floor standing by an elevator. With his gun drawn, but pointed at the floor, Pratt ordered the defendant to turn around and face the wall. The defendant was then asked to state his reason for being in the building. He initially responded that he was there to see a doctor, but when asked the doctor's name, he said he was there to see a dentist. The defendant was then told to accompany Pratt and two other security guards to the security office.

While the defendant was being questioned at the security office, Larry Wallace, a security guard who worked in the building, went, unbeknownst to anyone else, to ask Dr. Kravitz, an elderly doctor who had been robbed in his office five days earlier, to come to the security office to view the defendant. Dr. Kravitz accompanied Wallace to the security office and upon viewing the defendant, immediately identified him as the man who had robbed him a few days before. The police were then summoned and the defendant was arrested.

In responding to the communication that there was a suspicious individual on the fifth floor, Peace Officer Pratt clearly had a common-law right to inquire (see, People v De Bour, 40 NY2d 210). While the defendant was under no obligation to respond to Pratt's inquiry and his flight in and of itself did not give rise to the existence of probable cause (see, People v Howard, 50 NY2d 583, cert denied 449 US 1023), his flight, coupled with his subsequent inability to state any license or privilege to be in the building, certainly gave rise to probable cause to arrest as it was more probable than not that the defendant had knowingly entered or remained unlawfully in the building (Penal Law § 140.10; see, Matter of Troy F., 138 AD2d 707).

Furthermore, Dr. Kravitz's identification of the defendant was not subject to suppression on suggestiveness grounds since the showup was not the product of police action (cf., People v

*Kennedy,* 128 AD2d 549, 550, *lv denied* 69 NY2d 1005; *People v Dukes,* 97 AD2d 445). Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.