■ In the Matter of WILLIAM J., a Person Alleged to be a Juvenile Delinquent, Appellant. [610 NYS2d 234] —Order of disposition, Family Court, Bronx County (Richard Ross, J.), entered April 2, 1993, which adjudicated respondent a juvenile delinquent following a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crime of assault in the second degree, and placed him with the Division for Youth in a limited secure facility for 18 months, unanimously affirmed, without costs.

Respondent's detention by school security guards did not deprive him of his Fourth Amendment right to be free from unreasonable seizures, following as it did a "point-out" to the police and an eyewitness report to school security that respondent had assaulted the complainant, and given a "wider latitude" for findings of probable cause on school grounds (People v Scott D., 34 NY2d 483, 489). The detention being valid, the subsequent identification of respondent in the Dean's Office, which was confirmatory of the point-out, and which Family Court found was arranged by the school, not the police, was properly admitted (see, People v Soto, 198 AD2d 38), without need to conduct a Wade hearing (see, People v Rodriguez, 79 NY2d 445, 452). And even if it were error not to conduct a Wade hearing, the error was harmless since, as it

happened, the person whose identification respondent challenged did not testify at the fact-finding hearing. Family Court's finding of guilt was supported by legally sufficient evidence and was not against the weight of the evidence, which included ample proof that the victim sustained a "physical injury" within the meaning of Penal Law § 120.05 (2). Issues of credibility, and the weight to be accorded the evidence presented, are primarily for the trier of fact, whose determination is entitled to great weight on appeal *(People v Michael P.,* 169 AD2d 738, *lv denied* 77 NY2d 909). Concur—Sullivan, J. P., Kupferman, Asch, Williams and Tom, JJ.