In the Matter of BRIAN D., a Person Alleged to be a Juvenile Delinquent, Appellant. [654 NYS2d 412] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Berman, J.), dated May 3, 1996, which, upon a fact-finding order of the same court, dated March 29, 1996, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of robbery in the second degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of up to 18 months. The appeal brings up for review the fact-finding order dated March 29, 1996, and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the petition was legally insuf-

ficient and that the presentment agency failed to prove that he was guilty of robbery in the second degree beyond a reasonable doubt. The complainant's deposition accompanying the petition contained nonhearsay allegations of an act which, if committed by an adult, would have constituted every element of the crime of robbery in the second degree (*see, Matter of Antwan B.,* 198 AD2d 348, *cert denied sub nom. Byrd v Presentment Agency,* 513 US 869; Family Ct Act § 311.2). The evidence presented at the hearing demonstrated that the appellant and five others pushed and threatened to stab the complainant cashier at a candy store, that they stuffed their pockets with items from the shelves, and that they left the store with the items without paying for them. Viewing this evidence in the light most favorable to the presentment agency (*cf., People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (*cf.,* CPL 470.15 [5]).

Also unavailing is the appellant's contention that the showup procedure was improper. Considering the complainant's identification of the appellant not more than an hour after the incident and within one and one-half blocks from the crime scene, the showup procedure was within acceptable boundaries (*see, People v Thompson,* 215 AD2d 604).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.