■ In the Matter of ADRIAN R., a Person Alleged to be a Juvenile Delinquent, Appellant. [657 NYS2d 985] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated March 20, 1996, which, upon

a fact-finding order of the same court, dated February 13, 1996, made after a hearing, found that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree and assault in the third degree, adjudged appellant to be a juvenile delinquent, placed him on a conditional discharge for 12 months, and ordered him to pay the victim $100 through the Victim Services Agency. The appeal brings up for review the fact-finding order dated February 13, 1996.

Ordered that the dispositional order is modified, on the law, by adding thereto a provision vacating the provision of the fact-finding order finding that the appellant had committed an act which, if committed by an adult, would constitute the crime of assault in the third degree, and dismissing that charge of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The determination of a Family Court Judge sitting as trier of fact is to be accorded the same weight as that given to a jury verdict (*Matter of Michael D.,* 109 AD2d 633, 634, citing *People v Carter,* 63 NY2d 530). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses (*see, Matter of Monique T.,* 194 AD2d 428, 429; *cf., People v Gaimari,* 176 NY 84, 94). Its determination should not be disturbed unless clearly unsupported by the record (*cf., People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the finding of fact was not against the weight of the evidence (*cf.,* CPL 470.15 [5]).

However, as the presentment agency properly concedes, the charge of the petition charging assault in the third degree should be dismissed as a lesser-included offense of assault in the second degree (*see,* Penal Law § 120.00 [1]; § 120.05 [2]; *People v Glover,* 57 NY2d 61). Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.