■ ELIZABETH D. TIMMINS, Appellant, v JAMES ATAMANUK, Respondent. [665 NYS2d 886] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about February 5, 1997, which granted defendant's motion for summary judgment dismissing the complaint in an action to recover rent overcharges, unanimously affirmed, without costs.

The IAS Court correctly held that plaintiff tenant is collaterally estopped from challenging the authenticity of the leases submitted by defendant landlord in plaintiff's rent overcharge proceeding. Plaintiff had a full and fair opportunity to litigate this point at the hearing before the Division of Housing and Community Renewal and in her CPLR article 78 proceeding before the Supreme Court, and the issue was necessarily decided against her on both occasions (see, Kaufman v Eli Lilly & Co., 65 NY2d 449, 455-456). Concur—Murphy, P. J., Sullivan, Milonas, Mazzarelli and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONICA QUINTO, Appellant. [666 NYS2d 146] —Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered February 4, 1993, convicting defendant, after a jury trial, of two counts of grand larceny in the fourth degree and two counts of criminal possession of stolen property in the fourth degree, and sentencing her, as a second felony offender, to four concurrent terms of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's motion to suppress her spontaneous statement to a police officer since the officer's action in turning to a store security officer and asking whether any money was found in the stolen wallet was not designed or reasonably likely to elicit a response from defendant (see, People v Rivers, 56 NY2d 476).

The court also properly denied defendant's motion to suppress statements made to security personnel who questioned her prior to police intervention (see, People v Ray, 65 NY2d 282). Since the security officers were private citizens, they were not required to administer Miranda warnings and the People were not obliged to provide defendant with notice of their intention to introduce such statements at trial (CPL 710.30 [1] [a]). The record establishes that these private citizens, who had no Special Police Officer status, were not agents of law enforcement (People v Henriquez, 214 AD2d 485, 486, lv denied 86 NY2d 873). Moreover, since defendant moved to suppress the statements and received a full hearing, any alleged deficiency in failing to provide pretrial notice pursuant to CPL 710.30 (1) (a) is obviated (People v Kirkland, 89 NY2d 903). Concur—Murphy, P. J., Sullivan, Milonas, Mazzarelli and Andrias, JJ.