■ In the Matter of ALEXANDER W., a Person Alleged to be a Juvenile Delinquent, Appellant. [670 NYS2d 900] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Porzio, J.), dated September 23, 1996, which upon a fact-finding order of the same court, dated July 31, 1996, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree (two counts), adjudged him to be a juvenile delinquent and placed him under the supervision of the Division for Youth for a period of three years.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (see, Matter of Sandy J., 246 AD2d 651), we find that it was legally sufficient to support the conclusion that the appellant committed acts which, if committed by an adult, would have constituted the crime of robbery in the second degree (two counts). Moreover, upon the exercise of our factual review power, we are satisfied that the finding of fact was not against the weight of the evidence (cf., CPL 470.15; Matter of Adrian R., 239 AD2d 348).

We also find that on the facts in this record, the Family Court's determination that the appellant required a restrictive placement was supported by a preponderance of the evidence (see, Family Ct Act § 353.5 [1]).

Also unavailing is the appellant's contention that the showup procedure was improper. The complainant's identification of the appellant was within seven minutes of the incident and within one block of the crime scene; therefore, the showup procedure was within acceptable bounds (see, Matter of Brian D., 237 AD2d 355).

The appellant's remaining contentions are either unpreserved for appellate review (see, Family Ct Act § 1118; CPLR 5501) or do not warrant reversal. Copertino, J. P., Santucci, Krausman and Florio, JJ., concur.