■ In the Matter of JULIES R., a Person Alleged to be a Juvenile Delinquent, Appellant. [673 NYS2d 710] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an amended order of disposition of the Family Court, Kings County (Hepner, J.), dated November 18, 1996, revoking a disposition of probation previously imposed by the same court, dated March 20, 1996, upon a finding that the appellant had violated a condition thereof, after a hearing, and placing him with the Division for Youth for a period of 12 months, upon a fact-finding order of the same court, dated February 1, 1996, made upon his admission, finding that he had committed acts, which, if committed by an adult, would have constituted the crime of attempted petit larceny.

Ordered that the amended order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, he was not deprived

of the effective assistance of counsel. The evidence, viewed in totality, revealed that the appellant's attorney provided meaningful representation (*see, People v Flores,* 84 NY2d 184, 186).

The Family Court properly applied a preponderance of the evidence standard, rather than the standard of proof beyond a reasonable doubt, since probation revocation in juvenile delinquency proceedings is dispositional in nature and not part of the adjudicatory process (*see,* Family Ct Act § 350.3 [2]; § 360.3; *Matter of Amanda RR.,* 230 AD2d 451; *Matter of Alpheaus M.,* 168 AD2d 208; *Matter of Gregory M.,* 131 Misc 2d 942). This conclusion is supported by CPL 410.70 (3), which prescribes a preponderance of the evidence standard for adult probation violation proceedings.

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Joy and McGinity, JJ., concur.