THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CUTTER, Appellant. [700 NYS2d 828] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered November 24, 1997 convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied suppression of defendant's statements. The record supports the court's finding that the statements were spontaneous and the conversation between the police officers, not directed at defendant, did not constitute the functional equivalent of interrogation (*see, People v Townsend*, 257 AD2d 458; *People v Quinto*, 245 AD2d 121).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Contrary to defendant's argument, his possession of the stolen vehicle was not based solely on his presence therein, but on the totality of his conduct

and statements (*see, People v Williams*, 239 AD2d 271, *lv denied* 90 NY2d 899).

The court properly denied defendant's request for a circumstantial evidence charge since there was direct evidence, including eyewitness observation of defendant's conduct (*see, People v Roldan*, 88 NY2d 826; *People v Daddona*, 81 NY2d 990). The request for a charge of attempted possession of stolen property as a lesser included offense was properly denied since there was no reasonable view of the evidence, as the issues were presented at trial, that defendant committed the lesser but not the greater crime.

Defendant's claim that the verdict convicting him of possession of stolen property while acquitting him of the unauthorized use of a motor vehicle was repugnant is not preserved for appellate review, and we decline to review it in the interest of justice. Were we to review this claim, we would find no repugnancy in light of the court's instructions (*see, People v Tucker*, 55 NY2d 1).

Defendant failed to preserve his claim that the court's questioning of a witness and the court's alleged hostility toward defense counsel deprived him of a fair trial (*People v Charleston*, 56 NY2d 886), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's two-question inquiry of a witness was an appropriate exercise of discretion to clarify the witness's response (*People v Moulton*, 43 NY2d 944, 945), and that this limited questioning did not convey to the jury the court's agreement with the witness's testimony. The court's rebuke of defense counsel, which included some untoward comments, occurred outside the jury's presence and caused no prejudice to defendant. Concur—Ellerin, J. P., Saxe, Buckley and Friedman, JJ.