■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL BARTON, Appellant. [752 NYS2d 174] —Crew III, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 21, 2000, upon a verdict convicting defendant of the crimes of attempted rape in the first degree and assault in the second degree.

On November 15, 1998, a take-out order was made by phone to the Madison Wok located in the City of Albany. The victim subsequently delivered the food to the address given, whereupon defendant threatened her with a piece of broken glass and attempted to rape her. The victim, however, was able to escape and return to the Madison Wok, at which point one of her sisters called the police. As a consequence, defendant was indicted and charged with attempted rape in the first degree and assault in the second degree. Following a jury trial, defendant was found guilty as charged and was sentenced to, inter alia, a determinate term of imprisonment of 15 years, with five years of postrelease supervision. Defendant now appeals and we affirm.

Initially, defendant contends that County Court erred in failing to give an expanded identification charge in this one-witness identification case. We disagree. The Court of Appeals repeatedly has held that while an expanded identification charge is the better practice when identification is an issue in a case, so long as the trial court provided an instruction containing "a correct statement of the law which sufficiently apprised the jury that the reasonable doubt standard applied

to identification," the instruction is legally sufficient (*People v Knight*, 87 NY2d 873, 874; *see People v Whalen*, 59 NY2d 273, 279; *People v Jackson*, 282 AD2d 830, 831, *lv denied* 96 NY2d 902). Here, the record makes plain that County Court instructed the jury that identity had to be proven beyond a reasonable doubt, thereby making an accurate statement of the law and, thus, no legal error resulted (*see People v Whalen*, *supra* at 279). With regard to defendant's contention that County Court erred when it permitted the victim's sister to testify concerning her observation of defendant in Madison Wok on two occasions prior to the attempted rape without providing notice pursuant to CPL 710.30, suffice to say that notice was not required inasmuch as the sister's observations were not police-initiated (*see e.g. People v Rufin*, 237 AD2d 866, 867).

Next, defendant argues that County Court improperly admitted into evidence certain portions of his oral statements made to the police because of the People's failure to give proper notice pursuant to CPL 710.30. Again, we disagree. It repeatedly has been held that a defendant waives any claimed deficiency in the People's CPL 710.30 notice where, as here, he participates in a *Huntley* hearing concerning the admissibility of statements made to police (*see e.g. People v Quesnel*, 238 AD2d 725, 726, *lv denied* 90 NY2d 896).

Finally, we reject defendant's claim that County Court erred in its *Sandoval* ruling. A review of the record clearly demonstrates that County Court made an assessment of the potential prejudice and probative value of those crimes upon which defendant could be questioned while disallowing cross-examination of matters too remote in time, as well as crimes found to be too similar to the charges contained in the indictment. Accordingly, we find no abuse of discretion by the trial court (*see People v Coleman*, 296 AD2d 766, 768).

Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.