In the Matter of GABRIEL A., a Child Alleged to be a Juvenile Delinquent, Appellant. [785 NYS2d 512]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated November 13, 2003, which, upon a fact-finding order of the same court dated October 15, 2003, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree, adjudged him to be a juvenile delinquent, placed him on probation until his 18th birthday, and directed that he perform 400 hours of community service. The appeal brings up for review the fact-finding order dated October 15, 2003.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The determination of a Family Court Judge sitting as trier of fact is to be accorded the same weight as that given to a jury verdict (*see Matter of Michael D.,* 109 AD2d 633, 634 [1985], *affd* 66 NY2d 843 [1985]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Mikhail V.,* 12 AD3d 375 [2004]; *Matter of Adrian R.,* 239 AD2d 348, 349 [1997]; *cf. People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should not be disturbed unless clearly unsupported by the record (*see Matter of James G.,* 309 AD2d 935, 936 [2003]; *cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see Matter of James G., supra; Matter of Adrian R., supra; cf.* CPL 470.15 [5]).

The appellant's contention that the in-court identification should have been precluded for failure to provide notice pursuant to Family Ct Act § 330.2 (2) and CPL 710.30 is without merit. Contrary to the appellant's contention, where, as here, the prior out-of-court identification procedure was arranged by the school where the incident occurred and was not the product of police action, the subsequent in-court identification is not subject to suppression on the ground of suggestiveness (*see Matter of William J.,* 203 AD2d 144 [1994]; *Matter of Uriel M.,* 4 Misc 3d 1011 [A], 2004 NY Slip Op 50849[U]; *cf. People v Alexander,* 162 AD2d 164 [1990]; *People v Smith,* 139 AD2d 783 [1988]). Thus, the presentment agency was not required to give notice of its intention to offer such identification testimony at the hearing (*cf. People v Barton,* 301 AD2d 747, 748 [2003]; *People v Quinto,* 245 AD2d 121 [1997]).

Review of the Family Court's determination underlying the order of disposition reveals that it considered less restrictive alternatives to placing the appellant on probation and, in addition, directing him to perform 400 hours of community service (*see* Family Ct Act § 352.2). Further, based on the underlying facts of the offense, the psychological evaluation of the appellant, and all of the other relevant evidence, including his home environment, the Family Court's dispositional order was a provident exercise of discretion and should not be disturbed (*see Matter of Christopher B.,* 229 AD2d 390, 391 [1996]; *Matter of Henry M.,* 220 AD2d 667, 668 [1995]). Ritter, J.P., S. Miller, Goldstein and Fisher, JJ., concur.