■ In the Matter of FELIX D., a Person Alleged to be a Juvenile Delinquent, Appellant. [818 NYS2d 142]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Pearl, J.), dated June 27, 2005, which, upon a fact-finding order of the same court dated February 18, 2005, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 24 months. The appeal brings up for review the fact-finding order dated February 18, 2005.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court properly denied that branch of the appellant's omnibus motion which was for a pretrial *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]). The presentment agency opposed the motion, contending that the identification procedure was not "police-arranged" since the appellant was identified by the complainant after viewing photographs on the school's computer, which were shown to her by a school dean in the dean's office. The appellant's motion papers essentially alleged only, in conclusory fashion, that the identification procedure conducted by the school dean was influenced and

directed by the police to such an extent as to make the procedure unduly suggestive. The court correctly concluded that the appellant's allegations were insufficient to warrant a *Wade* hearing because the complainant's pretrial identification of the appellant from a photograph on a computer in the dean's office was not a police-arranged procedure (*see Matter of Gilbert C.,* 15 AD3d 172 [2005]; *Matter of Gabriel A.,* 12 AD3d 666, 667 [2004]; *Matter of William J.,* 203 AD2d 144 [1994]). The appellant's attempt to use the trial testimony to challenge the pretrial suppression ruling is impermissible (*see e.g. People v Esquiled,* 297 AD2d 687 [2002]; *People v Andujar,* 267 AD2d 467, 468 [1999]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792 [1987]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree (*see* Penal Law §§ 110.00, 120.00 [1]; *Matter of Nikita P.,* 3 AD3d 499, 500 [2004]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Dennis G.,* 294 AD2d 501 [2002]; *Matter of Stafford B.,* 187 AD2d 649, 650 [1992]; *cf. People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Dennis G., supra; Matter of Stafford B., supra; cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]). Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.