■ In the Matter of ANDY F., a Person Alleged to be a Juvenile Delinquent, Appellant. [825 NYS2d 228]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated August 8, 2005, which, upon a fact-finding order of the same court dated June 15, 2005, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second

degree, assault in the second degree, attempted grand larceny in the fourth degree, and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of two years and imposed other conditions. The appeal brings up for review the denial of that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court properly denied that branch of the appellant's omnibus motion which was to suppress the in-court identification. Contrary to the appellant's contention, there was no testimony or evidence from the *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) or the fact-finding hearing to indicate that there was any police involvement in the prior out-of-court photographic identification procedure arranged by the school where the incident occurred. Accordingly, because the prior out-of-court identification was not the product of police action, the subsequent in-court identification was not subject to suppression on the ground of suggestiveness (*see Matter of Felix D.*, 30 AD3d 598 [2006]; *Matter of Gilbert C.*, 15 AD3d 172 [2005]; *Matter of Gabriel A.*, 12 AD3d 666 [2004]; *cf. People v Smith*, 139 AD2d 783, 784 [1988]; *People v Whitaker*, 126 AD2d 688, 689 [1987]).

The Family Court also properly denied that branch of the appellant's omnibus motion which was to preclude the in-court identification testimony based on the claimed untimeliness of the notice of the additional out-of-court identification. Where, as here, the prior out-of-court identification procedure was not the product of police action, the presentment agency was not required to give notice of its intention to offer such identification testimony (*see Matter of Gilbert C., supra; Matter of Gabriel A., supra* at 667). Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.