In the Matter of THOMAS B., Appellant. WAYNE COUNTY ATTORNEY, Respondent. [870 NYS2d 688]—

Memorandum: Respondent was on probation based on an order adjudicating him to be a juvenile delinquent and now appeals from an order that placed him in the custody of the Commissioner of Social Services of Wayne County as a result of his second violation of probation. Respondent failed to preserve for our review his contention that Family Court acted as an advocate for the presentment agency at the violation of probation hearing (see Matter of Aron B., 46 AD3d 1431 [2007]). Nevertheless, we review that contention in the interest of justice, and we conclude that the court improperly " 'assumed the appearance of an advocate' " when it reminded the presentment agency to have a certain witness make an in-court identification

of respondent (*Matter of Yadiel Roque C.*, 17 AD3d 1168, 1169 [2005]). We further conclude, however, that the error is harmless because a previous witness had identified respondent as the person involved in the violation. Respondent also failed to preserve for our review his contention that he should have received prior notice of out-of-court identifications and an out-of-court statement made by him (*see generally Aron B.*, 46 AD3d 1431 [2007]). In any event, that contention lacks merit. A probation violation hearing should be "less formal than a full fact-finding hearing with the prerequisites of formal discovery and notice" (Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 360.3, at 456). Furthermore, any notice requirement would not apply because the identification was arranged by respondent's school rather than by the police, and respondent's incriminating statement was made to an agent of the school, not to the police (*see Matter of Andy F.*, 34 AD3d 581, 582 [2006]; *Matter of Gilbert C.*, 15 AD3d 172 [2005]; *see also Matter of Jerome H.*, 15 AD3d 247 [2005]). Finally, we conclude on the record before us that, viewed in its totality, the representation provided by respondent's attorney was meaningful (*see Matter of Julies R.*, 250 AD2d 855 [1998]). Present— Scudder, P.J., Centra, Fahey, Pine and Gorski, JJ.