■ In the Matter of WILLIAM A., a Person Alleged to be a Juvenile Delinquent, Appellant. [631 NYS2d 314] —Order of disposition, Family Court, New York County (Leah Marks, J.), entered November 21, 1994, which adjudicated respondent a juvenile delinquent upon a finding that he committed acts which, if committed by an adult, would constitute the crimes of attempted robbery in the third degree and menacing in the third degree, and placed him with the Division for Youth for 18 months, unanimously affirmed, without costs.

The record indicates that although the presentment agency was ready to proceed to the fact-finding hearing on the third day following respondent's initial appearance, in compliance with Family Court Act § 340.1 (1), completion of testimony at a pre-fact-finding *Wade* hearing commenced that day was delayed at least in part due to an application regarding documents to be entered into evidence made by respondent's counsel. Thus, the court properly adjourned the fact-finding hearing for one day, on its own motion pursuant to Family Court Act § 340.1 (4) (a), for the "good cause" of facilitating completion of the *Wade* hearing (*see, Matter of Frank C.*, 70 NY2d 408, 414). We note that although the court did not specifically state that it had "good cause" for the adjournment, the facts are stated on the record and are self-evident.

An independent review of the facts elicited at the fact-finding hearing indicates that the court accorded appropriate weight

to the credible evidence (*People v Bleakley*, 69 NY2d 490). Viewing that evidence in the light most favorable to the presentment agency and applying the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), there is ample evidence to find that the presentment agency proved beyond a reasonable doubt that respondent, acting in concert with another, attempted to forcibly steal property from the complainant by utilizing gestures and the threat of the use of a gun that placed the complainant in fear of death or serious physical injury, thereby engaging in acts which, if committed by an adult, would constitute the crimes of attempted robbery in the third degree (Penal Law §§ 110.00, 160.05) and menacing in the third degree (Penal Law § 120.15), respectively. Under the circumstances, respondent's reference to "joking" did not negate his culpability. Concur—Murphy, P. J., Rosenberger, Williams and Mazzarelli, JJ.