■ In the Matter of KERLYN T., a Person Alleged to be a Juvenile Delinquent, Appellant. [675 NYS2d 886] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court,

Queens County (Lubow, J.), dated May 8, 1997, which, upon a fact-finding order of the same court dated January 10, 1997, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the second degree, sexual abuse in the third degree, sexual misconduct, attempted sexual abuse in the second degree, and attempted sexual misconduct, adjudged him to be a juvenile delinquent, and placed him on probation for two years. The appeal brings up for review the fact-finding order dated January 10, 1997.

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof which adjudicated the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the third degree, sexual misconduct, attempted sexual abuse in the second degree, and attempted sexual misconduct, and substituting therefor a provision dismissing those counts of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the Presentment Agency (*see, Matter of William A.*, 219 AD2d 494; *cf., People v Contes*, 60 NY2d 620) we find it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree (*see,* Penal Law § 130.60). However, upon the exercise of our factual review power, we find that the Family Court's determination that the appellant engaged in sexual intercourse with the complainant without her consent is not supported by the record (*see,* CPL 470.15 [5]; *cf., People v Garafolo*, 44 AD2d 86, 88).

We have considered the appellant's remaining contentions and find them to be without merit. Ritter, J. P., Goldstein, McGinity and Luciano, JJ., concur.