■ In the Matter of DARNELL S., a Person Alleged to be a Juvenile Delinquent, Appellant. [751 NYS2d 789] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated February 1, 2001, which, upon a fact-finding order of the same court, dated January 2, 2001, made after a hearing, finding that Darnell S. committed acts which, if committed by an adult, would have constituted, inter alia, the crime of robbery in the third degree, adjudged him to be a juvenile delinquent and, inter alia, placed him on probation for a period of six months. The appeal brings up for review the fact-finding order dated January 2, 2001.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Kerlyn T.,* 252 AD2d 557; *cf. People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of

robbery in the third degree (*cf.* Penal Law § 160.05). Resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of facts, who saw and heard the witnesses (*cf. People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf. People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the findings of fact are not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The appellant's remaining contentions are without merit. Ritter, J.P., Goldstein, Crane and Mastro, JJ., concur.