■ In the Matter of TAKEYA B., a Person Alleged to be a Juvenile Delinquent, Appellant. [757 NYS2d 887] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated May 29, 2002, which, upon a fact-finding order of the same court, dated April 9, 2002, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree and grand larceny in the fourth degree, adjudged her to be a juvenile delinquent and, inter alia, placed her in the custody of the New York State Office for Children and Family Services for 18 months. The appeal brings up for review the fact-finding order dated April 9, 2002.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree and grand larceny in the fourth degree (*see Matter of Kerlyn T.,* 252 AD2d 557 [1998]; *cf. People v Contes,* 60 NY2d 620 [1983]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses (*cf. People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the finding was not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The appellant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Altman, J.P., Krausman, Goldstein and Cozier, JJ., concur.