In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated October 18, 2002, which, upon a fact-finding order of the same court dated October 8, 2002, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated October 8, 2002.
Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the fact-finding order is vacated, and the matter is remitted to the Family Court, Kings County, for a new fact-finding hearing before a different judge.
*433 The appellant, accompanied, by another youth, the correspondent Ricardo R., allegedly stole an electric scooter from the complainant. The evidence adduced at the fact-finding hearing, when viewed in a light most favorable to the presentment agency, was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree (see Matter of Darnell S., 300 AD2d 666 [2002]). However, the testimony , of the correspondent and that of another witness cast doubt on the theory of the presentment agency’s case, and suggested that the appellant actually had purchased the scooter, along with a charger and some other accessories that the complainant did not report as having been stolen.
The appellant did not testify at the fact-finding hearing. During cross-examination of Ricardo R., however, the Family Court permitted counsel for the presentment agency to inquire whether Ricardo R. had committed a subsequent robbery with the appellant. Over strenuous objection by counsel for the appellant, Ricardo R. responded in the affirmative.
As conceded by the presentment agency on appeal, the Family Court erred in permitting the elicitation of testimony from Ricardo R. about an uncharged crime he allegedly committed with the appellant. Since the appellant did not testify in his own behalf, Ricardo R.’s prejudicial testimony (see People v Butler, 258 AD2d 368 [1999]) was inadmissible and completely irrelevant to the appellant’s credibility or any other issue in controversy (see People v Mullin, 41 NY2d 475 [1977]; People v Blanchard, 83 AD2d 905 [1981]). The presentment agency nevertheless argues that the error was harmless. We disagree. Notwithstanding that the challenged testimony was not extensive, this was a very close case. The evidence of guilt was far from overwhelming (see People v Ross, 227 AD2d 651 [1996]), and the reasoning expressed by the Family Court in its oral fact-finding decision demonstrated that it rested upon some degree of speculation as to whether the accessories recovered from the appellant matched the scooter allegedly stolen from the complainant. Accordingly, we reverse the order of disposition and remit for a new fact-finding hearing before a different judge. Santucci, J.E, S. Miller, Goldstein and Cozier, JJ., concur.