■ In the Matter of JERROL H., a Person Alleged to be a Juvenile Delinquent, Appellant. [797 NYS2d 557]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated December 18, 2003, which, upon a fact-finding order of the same court dated November 10, 2003, made after a hearing, finding that Jerrol H. committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (two counts), grand larceny in the fourth degree (two counts), criminal possession of stolen property in the fifth degree, and menacing in the third degree (three counts), adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months. The ap-

peal brings for review the fact-finding order dated November 10, 2003.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 18 months is dismissed, as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Shanita V.,* 7 AD3d 804 [2004]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the Presentment Agency (*see Matter of Darnell S.,* 300 AD2d 666 [2002]; *Matter of William A.,* 219 AD2d 494, 495 [1995]; *cf. People v Malizia,* 62 NY2d 755, 757 [1984], *cert denied* 469 US 932 [1984]; *People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (two counts), grand larceny in the fourth degree (two counts), criminal possession of stolen property in the fifth degree, and menacing in the third degree (three counts). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf. People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]). S. Miller, J.P., Luciano, Crane and Lifson, JJ., concur.