■ In the Matter of DONTE K., a Person Alleged to be a Juvenile Delinquent, Appellant. [817 NYS2d 506]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated October 17, 2005, which, upon a fact-finding order of the same court dated August 31, 2005, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted

the crimes of attempted robbery in the second degree, attempted assault in the third degree, and menacing in the third degree, adjudged him to be a juvenile delinquent, placed him on probation for a period of 12 months, and imposed other conditions. The appeal brings up for review the fact-finding order dated August 31, 2005.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of Jerrol H.*, 19 AD3d 693 [2005]; *Matter of Darnell S.*, 300 AD2d 666 [2002]; *cf. People v Malizia,* 62 NY2d 755,757 [1984], *cert denied* 469 US 932 [1984]; *People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree, attempted assault in the third degree, and menacing in the third degree. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence are primarily questions to be determined by the trier of fact, who saw and heard the witnesses (*see Matter of Gabriel A.*, 12 AD3d 666, 667 [2004]; *cf. People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]). Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.