■ In the Matter of ALEX R., a Person Alleged to be a Juvenile Delinquent, Appellant. [828 NYS2d 559]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated November 7, 2005, which, upon a fact-finding order of the same court dated September 30, 2005 made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months and, inter alia, directed him to perform 60 hours of community service. The appeal brings up for review the fact-finding order dated September 30, 2005.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of Donte K.*, 31 AD3d 448, 449 [2006]; *Matter of Felix D.*, 30 AD3d 598, 599 [2006]; *Matter of Nikita P.*, 3 AD3d 499, 500 [2004]), it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree (*see* Penal Law §§ 110.00, 120.00 [1]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the

trier of fact, which saw and heard the witnesses (*see Matter of Jason Z.,* 19 AD3d 702 [2005]; *Matter of James B.,* 262 AD2d 480, 481 [1999]; *cf. People v Romero,* 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Romero, supra*). Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.