■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOHN JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murray, J.), rendered April 18, 1983, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. The facts have been considered and determined to be established.

The defendant and three others robbed the complainant of her jewelry and purse in a subway car. During the robbery, the complainant's arm was scratched and one of the perpetrators choked her. She testified that she bled from the mouth and sought medical treatment for her injuries although no medical testimony was presented. The complainant pointed out the four robbers to police officers who apprehended them as they fled from the scene.

The defendant and one other perpetrator were jointly tried on an indictment charging them with two counts of robbery in the second degree, the first alleging that they caused physical injury to the complainant (Penal Law § 160.10 [2] [a]) and the second alleging that they acted in concert (Penal Law § 160.10 [1]). The jury convicted them both on the first count and, pursuant to the trial court's instructions, consequently rendered no verdict on the second count.

In our view, the issue of whether the evidence was legally sufficient to establish that the complainant suffered physical injury within the meaning of Penal Law §§ 160.10 (2) (a) and 10.00 (9) was a close one. Physical injury is generally a question for the trier of fact to determine (see, Matter of Philip A., 49 NY2d 198) and the court's erroneous charge may well have led to an improper verdict. The trial court instructed the jury that a "laceration" or "cut" was sufficient to establish physical impairment. This was an incorrect statement of law (see, People v Williams, 101 AD2d 870; People v McDowell, 28 NY2d 373) requiring reversal.

We also believe that the trial court's continuous interruption of defense counsel's summation interfered with the defendant's right to a fair trial.

There were no other errors warranting reversal. Mollen, P. J., Lazer, Kunzeman and Kooper, JJ., concur.