OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new hearing granted.
Respondent has been adjudicated a juvenile delinquent and placed with the New York State Division for Youth for one year based upon the Family Court Judge’s conclusion after hearing that he had committed acts which, if committed by an adult, would constitute the crime of criminal tampering in the second degree (Penal Law § 145.15). At trial respondent raised the affirmative defense that he did not engage in the conduct of which he was accused (tampering with the safety gates between two subway cars) for a larcenous or otherwise unlawful or wrongful purpose. It was, however, his burden to establish that defense by a preponderance of the evidence (Penal Law § 25.00 [2]), and he testified only that he did not remove the chain, not that he did so but for a purpose that was not wrongful.
There must, nevertheless, be a new trial because the Family Court Judge denied defense counsel’s request for production as Rosario material of the Transit Authority officer’s memo book (see, Family Ct Act § 331.4 [1] [a]). The basis for denial was the officer’s testimony that there was nothing in his memo book that was not also contained in the field investigation worksheet (TP67) and probation intake referral report (PIRR) previously furnished to defense counsel.
Family Court Act § 331.4 (1) (a) is based upon the corresponding provision of the Criminal Procedure Law (CPL 240.45; see, Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 331.7, p 427), which was in turn adopted to formalize the procedure initially established by People v Rosario (9 NY2d 286, rearg denied 9 NY2d 908, 14 NY2d 876, 15 NY2d 765, cert denied 368 US 866; see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 240.45, pp 408-409). And as we *689 recently stated in People v Perez (65 NY2d 154, 160), the essence of Rosario is that even "a judge’s impartial determination as to what portions [of a statement] may be useful to the defense, is no substitute for the single-minded devotion of counsel for the accused.”
It was, thus, error to deny the request solely on the basis of the officer’s testimony, without requiring that the memo book be produced. Here the book was not made available to defense counsel until after his Appellate Division brief had been filed. Examination of it sustains the validity of our observation in People v Consolazio (40 NY2d 446, 455) that the better practice is to direct turnover of material sought once it is determined that it is in fact Rosario material, for the memo book contains a notation, not included in either the TP67 or the PIRR. That statement, that defendant had seen the officer watching him and another person board the train from between cars, was consistent with respondent’s testimony which was attacked as incredible in the Corporation Counsel’s closing argument (cf. People v Rosario, 9 NY2d, at p 289, supra) and, in its reference to another person boarding the train in the same way as had respondent, could have been used by defense counsel, had he had it available, in confirmation of the affirmative defense. Thus, the memo book material was not simply duplicative. There must, therefore, be a reversal and a new hearing.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, without costs, and a new hearing granted in a memorandum.