OPINION OF THE COURT
Carolyn E. Demarest, J.
In this in-concert prosecution alleging respondents commit *444 ted acts which would constitute the crimes of attempted robbery (Penal Law §§ 110.00, 160.15 [3]; §§ 110.00, 160.10 [1]; §§ 110.00, 160.05), grand larceny (Penal Law §§ 110.00, 155.30 [5]), unlawful imprisonment (Penal Law § 135.05) and menacing (Penal Law § 120.15), respondents contend petitioner has not met its obligation under People v Rosario (9 NY2d 286 [1961]) in that minutes of a school suspension hearing have not been produced. Petitioner concedes that such hearing was held and that its complaining witness did testify at the hearing; however, petitioner is not in possession of the minutes of the hearing and contends it has no obligation to provide them to respondents’ counsel who may also subpoena them.
Family Court Act § 331.4 (1) codifies the rule set forth in Rosario in providing:
"At the commencement of the fact-finding hearing, the presentment agency shall, subject to a protective order, make available to the respondent:
"(a) any written or recorded statement, including any testimony before a grand jury and any examination videotaped pursuant to section 190.32 of the criminal procedure law, made by a person whom the presentment agency intends to call as a witness at the fact-finding hearing, and which relates to the subject matter of the witness’s testimony.”
While the language of the statute superficially appears to place upon the presentment agency the duty to ferret out and produce for respondents’ counsel any and all relevant statements made by its witness regardless of when, where or to whom made, the purview of both the statutory and common-law Rosario duty has been limited to materials actually in the prosecutor’s possession or in the constructive possession or control of the prosecutor by virtue of the materials having been acquired or produced through the efforts of a law enforcement body. (See, e.g., People v Ranghelle, 69 NY2d 56 [1986] [complaint report and officer’s memo book]; Matter of Rodney B., 69 NY2d 687 [1986] [memo book]; People v Perez, 65 NY2d 154 [1985] [tapes and transcripts of statements to private person recorded at direction of prosecutor]; Matter of Kelvin D., 40 NY2d 895 [1976] [police documents]; People v Consolazio, 40 NY2d 446, 452-455 [1976] [prosecutor’s worksheets]; Matter of John G., 91 AD2d 685 [2d Dept 1982] [transcript of severed trial of corespondent]; Matter of Bertha K., 58 AD2d 811 [2d Dept 1977] [minutes of preliminary hearing].)
*445 Although the issue at bar is a recurring question, neither petitioner’s nor respondents’ counsel has been able to provide precedent on the question of whether the minutes of a Board of Education suspension hearing are Rosario material which the presentment agency is required to subpoena and provide to respondents when the transcript is not in petitioner’s possession. It is noted that this court has previously directed that such minutes be turned over to respondent as Rosario material where the presentment agency has already obtained the transcript. (See, People v Jones, 70 NY2d 547, 550 [1987].) The critical issue here is the presentment agency’s duty to acquire the minutes.
In arguing that the transcript of the suspension hearing is the obligation of petitioner to produce, respondents cite People v Fields (146 AD2d 505 [1st Dept 1989]) in which the notes of a parole officer were found to be Rosario material. In ruling in favor of the defendant, the Appellate Division noted that its ruling was limited specifically to the notes of a parole officer, reasoning that such notes were "in the possession or control of a law enforcement agency” (supra, at 510). This court finds Fields to be inapposite since the Board of Education is clearly not an agency involved in law enforcement.
Petitioner relies on People v Fishman (72 NY2d 884 [1988]) and Matter of Gina C. (138 AD2d 77 [1st Dept 1988]) in support of its argument that school suspension minutes are not Rosario material. In People v Fishman, the Court of Appeals held that untranscribed plea minutes of a prospective prosecution witness, which had been ordered but not received by the prosecutor, were not required to be produced under Rosario. Rejecting the "new, boundless reading of CPL 240.45 [the analog of Family Ct Act § 331.4] proposed by the dissent”, the court reasoned: "Having had no immediate access of their own to the statements (contrast, People v Ranghelle, 69 NY2d 56, 64), the People cannot be held responsible for a failure to turn them over to defendant” (72 NY2d, at 886).
In Matter of Gina C. (supra), the Appellate Division, First Department, found no obligation on the prosecutor under Rosario to subpoena and produce for respondent’s counsel newspaper reports or reporter’s notes of relevant conversations held with the complaining witness that were not in the prosecutor’s possession.
Although clearly relevant and possibly useful to the defense, the minutes of the Board of Education suspension hearing at *446 issue here are not in the possession or control of the presentment agency. In fact, such minutes are equally accessible to both prosecution and defense. Having reviewed the authority interpreting the prosecutor’s burden under People v Rosario (supra) and Family Court Act § 331.4, this court concludes that such minutes are not Rosario material and the presentment agency has no duty to subpoena them so as to make them available to respondents’ counsel.