■ In the Matter of DWAYNE H., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Schechter, J.), dated September 6, 1989, which, upon a fact-finding order of the same court, dated July 5, 1989, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of menacing, adjudged him to be a juvenile delinquent and placed him on probation for a period ending August 4, 1991. The appeal brings up for review the fact-finding order dated July 5, 1989.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's contention that the evidence was insufficient to establish that he committed acts which, if committed by an adult, would constitute the crime of menacing, is without merit. The complainant's testimony revealed that the appellant and three other youths entered a classroom where the complainant had been teaching a class of 7th grade students. After harassing students in the class, the appellant punched the complainant in the chest three times with a closed fist. He then pushed her towards a wall and left the room. Viewing the evidence in the light most favorable to the presentment agency (see, Matter of Jamal V., 159 AD2d 507), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crime of menacing. Moreover, we are satisfied that the fact-finding order was not against the weight of the evidence. We find that the complainant had reason to fear serious physical injury when the appellant repeatedly punched her in the chest (see, Matter of Ramon M., 109 AD2d 882).

The appellant also contends that a new fact-finding hearing should be ordered since the presentment agency failed to disclose an operations report constituting Rosario material to his attorney prior to the fact-finding hearing. The operations

report was created by an employee of the Board of Education and was not being used in a law-enforcement capacity. Since the Board of Education is not a law-enforcement agency and the report was filed with it, the report was not in the constructive possession of the presentment agency and was not *Rosario* material *(see, Matter of Jermaine P.,* 146 Misc 2d 443; *see also, People v Berkley,* 157 AD2d 463). Therefore, the appellant's claim is without merit.

Since the operations report is not *Rosario* material, the appellant's remaining contentions regarding the Family Court's decision to re-open the fact-finding hearing to permit the appellant's counsel to cross-examine witnesses based on the information in the report, instead of granting the appellant a new hearing, is without merit. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.