■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND P. HUNT, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Oneida County Court for resentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of robbery in the second degree. We agree with defendant that the evidence was legally insufficient to support a finding that the victim suffered either substantial pain or an impairment of physical condition (Penal Law § 10.00 [9]) in the absence of any showing of medical treatment, hospitalization, or physical impairment *(see, People v Joseph,* 124 AD2d 750; *People v Jones,* 118 AD2d 658). We reduce defendant's conviction to the crime of robbery in the third degree, pursuant to the provisions of CPL 470.15 (2) (a),

and remit the matter for resentencing in accordance with CPL 470.20 (4).

We reject, however, defendant's other contentions on appeal. The showup identification procedure was not unduly suggestive; defendant was apprehended in proximity to the time and place of the crime and was viewed immediately by the witness (see, People v Riley, 70 NY2d 523; People v Love, 57 NY2d 1023; People v Minter, 186 AD2d 1035). The fact that defendant was handcuffed at the time of the identification does not render the procedure unduly suggestive under the circumstances (see, People v Burns, 133 AD2d 642, lv denied 70 NY2d 873).

Defendant's assertion that he was arrested without probable cause has not been preserved for review (see, CPL 470.05 [2]; People v Worsech, 186 AD2d 1004; People v O'Neil, 152 AD2d 966, lv denied 74 NY2d 816). Similarly, defendant's contention that the suppression court failed to comply with CPL 710.60 (6) is raised for the first time on appeal and we decline to review the issue in the interest of justice. In any event, defendant had a full and fair hearing on the issue of the victim's identification and is not entitled to suppression of the identification testimony (see, People v Lewis, 172 AD2d 1020).

The court should not have allowed cross-examination of defendant regarding his 1988 convictions for assault. Under the circumstances, however, any error must be deemed harmless. We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Oneida County Court, Merrell, J.—Robbery, 2nd Degree.) Present—Denman, P. J., Pine, Lawton, Boehm and Davis, JJ.