■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY JONES, Appellant. [602 NYS2d 159] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered August 15, 1991, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the People failed to adduce legally sufficient evidence to establish his guilt of assault in the second degree and criminal possession of a weapon in the fourth degree beyond a reasonable doubt.

"Physical injury" is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Generally, the question of whether "physical injury" has been established is one for the trier of fact to determine (see, People v Smith, 176 AD2d 904; People v Jones, 118 AD2d 658). Here, the complainant testified that the defendant hit him with a metal pipe about the head and arms; that as a result he was hospitalized for one week; and that his left arm was placed in a cast and his right arm was put in a sling. He also testified that he suffered "excruciating pain" and pain killers were prescribed for him. The complainant testified further that as a result of the injuries he was never able to engage in his construction work again, because he could not lift anything heavy. Moreover, the People introduced hospital records which indicated the extent of the complainant's injuries. Thus,

the element of physical injury required by assault in the second degree was proved beyond a reasonable doubt *(see, People v Rodney,* 134 AD2d 463).

A dangerous instrument is defined as any instrument, article, or substance "which, under the circumstances in which it is used * * * is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). Thus, "[t]he object itself need not be inherently dangerous. It is the temporary use rather than the inherent vice of the object which brings it within the purview of the statute" *(People v Carter,* 53 NY2d 113, 116). In this case, the record shows that the defendant used the lead pipe in a manner which made it readily capable of causing death or serious physical injury. Consequently, the evidence was legally sufficient to establish beyond a reasonable doubt his guilt of criminal possession of a weapon in the fourth degree.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.