■ In the Matter of RANDY S., a Person Alleged to be a Juvenile Delinquent, Appellant. [635 NYS2d 64] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated December 14, 1994, which, upon a fact-finding order of the same court dated October 26, 1994, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the fifth degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of 18 months. The appeal brings up for review the fact-

finding order dated October 26, 1994, and the denial, without a hearing, of the branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

There is no merit to the appellant's contention that the branch of his omnibus motion which was to suppress physical evidence set forth sufficient legal and factual allegations to warrant a hearing. A review of the record evidences that that branch of the appellant's motion merely contains legal conclusions. Such conclusions "without more [are] plainly insufficient because probable cause is a mixed legal-factual issue and the pleading lacks the factual portion of the equation" *(People v Mendoza,* 82 NY2d 415, 427). The appellant failed to specifically deny selling drugs and he merely disclaimed involvement in unlawful activity. Contrary to appellant's contention, his allegations are insufficient to warrant a hearing *(Matter of George J.,* 82 NY2d 415, 431). Bracken, J. P., Sullivan, Rosenblatt and Hart, JJ., concur.