■ In the Matter of RAOUL A., a Person Alleged to be a Juvenile Delinquent, Appellant. [659 NYS2d 789] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Fitzmaurice, J.), dated November 30, 1995, which, upon a fact-finding order of the same court dated November 20, 1995, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the State Division of Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated November 20, 1995, and the denial, without a hearing, of those branches of the appellant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Those branches of the appellant's omnibus motion which were to suppress physical and identification evidence were properly denied without a hearing. His mere allegation that he was not engaging in any conduct that would justify being stopped and searched, as well as his failure to deny having sold narcotics to the undercover officer rendered a hearing unnecessary (*cf., People v Mendoza*, 82 NY2d 415, 428-429; *Matter of Randy S.*, 222 AD2d 509). Nor was he entitled to a hearing to challenge the undercover officer's drive-by identification made within minutes of his arrest (*cf., People v Wharton*, 74 NY2d 921; *People v Grullon*, 177 AD2d 398; *People v Stanton*, 108 AD2d 688, 689). The deficiencies in the appellant's suppression motion being apparent on its face, the suppression court's failure to fully set forth the reasons for its determination requires no remedial action (*cf., People v Berdecia*, 223 AD2d 444).

Viewing the evidence in the light most favorable to the presentment agency (*cf., People v Contes*, 60 NY2d 620; *see, Matter of Andre L.*, 207 AD2d 348), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt. Nor are we persuaded that there was a break in the chain of custody of the evidence. O'Brien, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.