▪ In the Matter of IBRAHIM D., Appellant. [795 NYS2d 677]— In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (O'Donoghue, J.), dated March 3, 2004, which, upon a fact-finding order of the same court dated December 16, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would

have constituted the crimes of criminal possession of a weapon in the fourth degree and menacing in the second degree, adjudged him to be a juvenile delinquent and, inter alia, placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated December 16, 2003.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, as the period of placement has expired (*see Matter of Michael H.*, 294 AD2d 364 [2002]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Takeya B.*, 304 AD2d 825, 826 [2003]; *Matter of Stafford B.*, 187 AD2d 649, 650 [1992]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the fourth degree (*cf.* Penal Law § 265.01 [2]; *People v Carter*, 53 NY2d 113, 116 [1981]; *People v Jones*, 196 AD2d 889 [1993]; *People v Brown*, 100 AD2d 879, 881-882 [1984]) and menacing in the second degree (*see Matter of Dwayne H.*, 173 AD2d 466 [1991]; *Matter of Ramon M.*, 109 AD2d 882 [1985]; *cf.* Penal Law § 120.14 [1]; *People v Bartkow*, 96 NY2d 770, 772 [2001]). Moreover, upon the exercise of our factual review power, we are satisfied that the Family Court's findings were not against the weight of the evidence, particularly as the appellant's testimony by itself was sufficient to support the findings (*cf.* CPL 470.15 [5]).

The appellant's remaining contention is without merit. Prudenti, P.J., Adams, Rivera and Fisher, JJ., concur.