■ In the Matter of FATIA I., a Person Alleged to be a Juvenile Delinquent, Appellant. [800 NYS2d 764]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated September 14, 2004, which, upon a fact-finding order of the same court dated June 24, 2004, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the fourth degree and resisting arrest, adjudged her to be a juvenile delinquent and placed her on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated June 24, 2004.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court properly summarily denied that branch of the appellant's omnibus motion which was to suppress the knife recovered from her. The appellant did not deny picking up the knife in plain view of police officers who, according to the dep-

osition testimony submitted in support of the petition, arrived at the scene in response to an early morning radio call to disperse a large crowd and saw the appellant walking in the crowd carrying the knife. The appellant's motion papers essentially alleged only, and in conclusory fashion, that the police had no probable cause to believe that she intended to use the knife unlawfully. The court correctly concluded that the appellant's allegations were insufficient to warrant a hearing (*see Matter of Raoul A.*, 240 AD2d 565, 566 [1997]; *Matter of Randy S.*, 222 AD2d 509 [1995]; *cf. People v Mendoza*, 82 NY2d 415, 427-428 [1993]).

Moreover, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *Matter of Ibrahim D.*, 18 AD3d 659 [2005]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the fourth degree and resisting arrest. Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see Matter of Ibrahim D., supra*).

The appellant's remaining contention is without merit (*see* Family Ct Act § 311.2). H. Miller, J.P., Cozier, Ritter and Fisher, JJ., concur.