Matter of Adam I. (2007 NY Slip Op 50460(U))

[*1]

Matter of Adam I.

2007 NY Slip Op 50460(U) [15 Misc 3d 1102(A)]

Decided on March 12, 2007

Family Court, Queens County

Hunt, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 12, 2007

Family Court, Queens County
In the Matter of Adam I., A Person Alleged to be a Juvenile Delinquent, Respondent.
D-00011/07

Appearances of Counsel: Michael A. Cardozo, Corporation Counsel (Faith S. Lovell of
consel), New York City, for Presentment Agency. Tamara Steckler,The Legal Aid Society
(Steven Douglas Levine of counsel), New York City, Law Guardian.

John M. Hunt, J.
Respondent has filed papers seeking to renew the branch of his pre-trial omnibus motion
seeking suppression of tangible property recovered from his person by a police officer on the date
of his arrest. Upon review of the papers submitted, the Court adheres to its prior decision as to
this branch of respondent's motion, which denied the same pursuant to Criminal Procedure Law
§710.60 (3) (b), and the motion for renewal is denied for the reasons stated herein (Civil Practice
Law and Rules §2221).[FN1]
By petition filed on January 3, 2007 respondent is alleged to have committed acts which,
were he an adult, would constitute the crime of Criminal Possession of a Weapon in the Fourth
Degree (Penal Law §265.01 [1]). The petition also seeks an adjudication of juvenile delinquency
based upon respondent's alleged violation of Penal Law §265.05, which prohibits the possession
of specific weapons by persons under 16 years of age.
A supporting deposition by New York City Police Officer Sebastian Chichotky is
appended to the verified petition (see, Matter of Jahron S., 79 NY2d 632, 638; Matter of Neftali
D., 85 NY2d 631, 635), in which the officer states, in pertinent part, that on December 2, 2006
in Queens County:
I observed a group of individuals including the respondent hanging out on
the corner smoking what I believed to be a marijuana cigarette. When I
approached the individuals, I asked the group if any of them had any weapons
on them. The respondent told me . . . that he had a knife in his pocket. I
recovered a gravity knife from the respondent's person. I knew it was a
gravity knife because it was released from the handle by the force of gravity
and locked into place by means of an internal device when the blade was
fully released.
Respondent initially sought suppression of the gravity knife in a motion filed on January
31, 2007. In support of that motion, respondent alleged, insofar as relevant, that:
The circumstances leading to the respondent's arrest, including the
description used to justify his seizure, are unknown to the respondent * * *
it is important to note that at the time he was approached by the police and
arrested, the respondent did not do anything to justify the seizure. He was
not acting suspiciously. He was simply standing on a public street with
several individuals when Police Officer Sebastian Chichotky approached the
group and asked if anyone had any weapons on them. * * * Respondent was
stopped by the police, he then told the police he had a knife in his pocket.
Respondent was arrested. The police lacked probable cause or lacked any
legal basis for any inquiry of the respondent.
By order dated February 15, 2007 the Court denied the branch of respondent's motion
seeking suppression of the gravity knife recovered by Officer Chichotky on the ground that
the sworn allegations in support of the motion created no issues of fact requiring a hearing
for determination (Criminal Procedure Law §710.60 [3] [b]). After the fact-finding hearing
commenced, respondent filed this supplemental motion seeking renewal of his motion to
[*2]
suppress the gravity knife. In support of the renewed motion, respondent alleges that:
On Officer Chichotky's direct examination, he testified that on December 2,
2006 at about 8:10 P.M. at the corner of Center Street and Cypress Avenue
he observed respondent and two other[s]. He placed respondent under arrest
for possession of a gravity knife. The gravity knife was recovered from
respondent's coat pocket.
On cross-examination, Officer Chichotky testified that respondent was
arrested on December 2, 2006 at approximately 8:25 P.M. He testified that
he first observed the respondent (sic). The respondent was arrested for
having a gravity knife in his possession. The officer further testified that
he was working with a Police Officer David Strom and Sergeant Thomas
Crawford. He testified that he and Police Officer Strom were standing next
to each other, approximately ten feet from where Sergeant Crawford stopped
respondent. It is respectfully submitted that the record is totally barren of
any articulable reason for Sergeant Crawford to stop, seize and interrogate
the respondent.
Family Court Act §330.2 (1) provides that "[a] [r]espondent in a juvenile delinquency
proceeding may make a motion to suppress evidence in accordance with sections 710.20 and
710.60 of the criminal procedure law."[FN2] Criminal Procedure Law §710.60, which "applies to
suppression motions made in juvenile delinquency proceedings" (People v. Mendoza, 82 NY2d
415, 431), sets forth the procedures which apply to a motion to suppress evidence. Subdivision
one of that section provides that "[t]he motion papers must state the ground or grounds of the
motion and must contain sworn allegations of fact . . . supporting such grounds". With two
exceptions, neither of which are relevant to this case,[FN3] "[t]he court may summarily deny the
[*3]
motion if: (a) the motion papers do not allege a ground constituting a legal basis for the motion;
or (b) [t]he sworn allegations of fact do not as a matter of law support the ground alleged . . . "
(Criminal Procedure Law §710.60 [3] [b]).
The 1993 Court of Appeals decision in People v. Mendoza broke no new legal ground.
While it refined the way in which trial courts reviewed motions to suppress evidence, it left
unchanged the long-standing rule that hearings seeking suppression of evidence were generally
not available merely for the asking. Thus Mendoza reemphasized the rule that a suppression
motion could be summarily denied pursuant to the statute where the motion papers fail to provide
a sufficient legal basis for suppression or where the motion papers do not contain sworn
allegations of fact supporting the asserted ground for suppression (People v. Gruden, 42 NY2d
214, 215-217; People v. Reynolds, 71 NY2d 552, 558; Mendoza, at 422; People v. Burton, 6
NY3d 584, 587). This rule applies with equal force to juvenile delinquency proceedings (e.g., 
Matter of Randy S., 222 AD2d 509, 510; Matter of Raoul A., 240 AD2d 565, 566; In re Fatia I.,
21 AD3d 961, 961-962, lv. denied 6 NY3d 701).
Respondent's argument in support of his renewed motion, that "the record is totally
barren of any articulable reason for Sergeant Crawford to stop, seize and interrogate the
respondent", misses the mark in several respects. This is a motion to suppress tangible property
rather than a motion seeking a trial order of dismissal (see, Criminal Procedure Law §§290.10
[1], 350.10 [4]; People v. Sabella, 35 NY2d 158, 167). While respondent may certainly rely
upon the evidence adduced by the Presentment Agency at a suppression hearing to establish
standing to seek suppression (People v. Burton, at 588-589), an issue not relevant to respondent's
[*4]
motion, the cases make clear that at the pleading stage of a suppression motion, the trial court
should consider the record which consists of the face of the accusatory instrument or petition
including any supporting depositions, the context of the motion and the prosecutor's response
thereto, as well as defendant's access to information (People v. Mendoza, at 426; People v.
Jones, 95 NY2d 721, 728-729; People v. Lopez, 5 NY3d 753, 754; People v. Burton, at 588-
589).
While respondent would have the Court focus solely on the trial testimony of Police
Officer Chichotky, the record which the Court considers upon the motion to suppress also
includes Chichotky's supporting deposition, the voluntary disclosure form served by the
Presentment Agency, as well as the discovery provided by the Presentment Agency,[FN4] The issue,
then, is not what "Sergeant Crawford" knew prior to taking police action, but what Officer
Chichotky knew. Based upon the record, Chichotky was on foot patrol in the vicinity of the
corner of Centre Street and Cypress Avenue at 8:10 P.M. on December 2, 2006 when he came
upon a group of individuals who were hanging out on that corner smoking what appeared to
Chichotky to be a marijuana cigarette. Chichotky approached the group and, without placing
anyone under arrest and without interfering with the freedom of movement of any person, asked
whether any member of the group possessed any weapons. At that point, the respondent stated
[*5]
that he possessed a knife which the officer determined was a proscribed gravity knife. Notably,
respondent has never denied that Chichotky observed or possibly smelled marijuana burning
when he approached the group of individuals, nor has he denied that he possessed a gravity knife,
that he told the officer that he possessed that knife, or that Chichotky recovered a gravity knife
from his person. Therefore, it is clear that respondent had ample access to relevant information
with which to frame a proper suppression motion (People v. Long, 36 AD3d 132, 134-135), but
he chose to ignore the factual allegations and other pertinent information in both the initial
motion as well as the motion to renew (People v. Thomason, __ AD3d __, 2007 NY Slip Op
01402, at *1).
Accordingly, respondent's motion to renew the motion to suppress the gravity knife
recovered from his person is denied. The fact-finding hearing shall continue as previously
scheduled.
This constitutes the decision and order of the Court.
E N T E R:
_________________________________
JOHN M. HUNT
Judge of the Family Court
Dated: Jamaica, New York
March 12, 2007
[*6]
Footnotes

Footnote 1:Had respondent proceeded in accordance with Family Court Act §332.2 (3), the motion
would have been similarly denied. That section permits a respondent to file a pre-trial motion,
including a motion to suppress evidence, beyond the 30-day period specified in §332.2 (1) where,
inter alia, such a motion "is based upon grounds of which the respondent could not, with due diligence, have been previously aware." 

Footnote 2:Criminal Procedure Law §710.20 provides that a criminal defendant may seek suppression of various items of potential evidence including tangible property obtained by means of an illegal search and seizure, a statement of the defendant which was involuntarily made, and potential testimony concerning an identification of the defendant which was obtained under circumstances which would preclude its admission at trial.

Footnote 3:The exceptions relate to a respondent's statements to law enforcement personnel and to
potential identification evidence (Criminal Procedure Law §710.60 [3] [b]; see, People v. Rodriguez, 79 NY2d 445, 452-453).

Footnote 4:By letter dated January 23, 2007, Assistant Corporation Counsel Faith Lovell advised the
Law Guardian that she was providing him with the following items of discovery: (i) NYPD Juvenile Arrest Investigation Probation Referral Report; (ii) Department of Probation Intake Face
Sheet; (iii) Property Clerk's invoice for Voucher Number N399226; (iv) memo book entry for
arresting officer Chichotky; (v) NYPD Omniform System arrest report; (vi) NYPD online complaint report form; (vii) Juvenile Arrest Investigation Probation Intake Report; (viii) prisoner
pedigree card; (ix) pre-arraignment notification report; (x) Family Court Appearance Ticket; and
(xi) picture of respondent.