▬ In the Matter of JEAN V., a Person Alleged to be a Juvenile Delinquent, Appellant. [883 NYS2d 121]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated July 31, 2008, which, upon a fact-finding order of the same court dated July 1, 2008, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of menacing in the third degree and attempted assault in the third degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 15 months with the directive, inter alia, that he perform community service. The appeal brings up for review the fact-finding order dated July 1, 2008.

Ordered that the order of disposition is affirmed, without costs or disbursements. ˙

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Jonathan D.,* 33 AD3d 996, 997 [2006]; *Matter of Dan H.,* 26 AD3d 438 [2006]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree (*see* Penal Law §§ 110.00, 120.00 [1]; *Matter of Alex R.,* 36 AD3d 922 [2007]; *Matter of Felix D.,* 30 AD3d 598 [2006]; *Matter of Nikita P.,* 3 AD3d 499 [2004]), and the crime of menacing in the third degree (*see* Penal Law § 120.15; *Matter of Ibrahim D.,* 18 AD3d 659 [2005]; *Matter of Dwayne H.,* 173 AD2d 466 [1991]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.,* 59 AD3d 617 [2009]; *Matter of Victor I.,* 57 AD3d 779 [2008]; *Matter of Tanasia Elanie E.,* 49 AD3d 642 [2008]; *cf.* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the fact finder to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.,* 51 AD3d 933, 933-934 [2008]; *Matter of Victor I.,* 57 AD3d 779 [2008]; *Matter of Robert A.,* 57 AD3d 770 [2008]; *cf. People v˙ Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon our review of the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Ashanti B.,* 62 AD3d 790 [2009]; *Matter of Charmaine B.,* 60 AD3d 672

[2009]; *Matter of Hasan C.,* 59 AD3d 617 [2009]; *Matter of Victor I.,* 57 AD3d 779 [2008]). The evidence credited by the Family Court disproved the appellant's defense of justification beyond a reasonable doubt (*see* Penal Law § 35.15 [1]; *Matter of Louis C.,* 38 AD3d 541 [2007]; *Matter of Rosario S.,* 18 AD3d 563 [2005]; *Matter of Javier F.,* 16 AD3d 290 [2005]).

The appellant's remaining contentions are without merit. Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.