■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHERESE TOPPY, Appellant. [892 NYS2d 347]—

In this observation sale case, the court properly exercised its discretion in receiving, with suitable limiting instructions, evidence of a contemporaneous uncharged sale to an unapprehended buyer. This sale was relevant to establish the observing officer's ability to make a reliable identification, to complete the narrative of events leading up to the arrest, and to explain why the observing officer targeted defendant and focused on her activity (*see e.g. People v Carter*, 77 NY2d 95, 107 [1990], *cert denied* 499 US 967 [1991]; *People v Urena*, 306 AD2d 137 [2003], *lv denied* 100 NY2d 625 [2003]; *People v Julius*, 300 AD2d 167, 168 [2002], *lv denied* 99 NY2d 655 [2003]; *see also People v Matthews*, 276 AD2d 385 [2000], *lv denied* 96 NY2d 736 [2001]). We have repeatedly upheld such use of contemporaneous uncharged sales, which "carr[y] relatively little suggestion of general criminal propensity" (*People v Pressley*, 216 AD2d 202 [1995], *lv denied* 86 NY2d 800 [1995]). With regard to the observing officer's brief mention of defendant's quick exchange with an unidentified man prior to the uncharged sale, defendant has not preserved her current complaint, and we decline to review it in the interest of justice. As an alternative holding, we likewise find this testimony relevant and nonprejudicial.

The court properly exercised its discretion in denying defendant's mistrial motions based on two comments by the prosecutor during summation. As to the first remark, the court's curative actions were sufficient, and the second remark constituted fair comment on the evidence and a reasonable inference to be drawn therefrom. Defendant's remaining challenges to the summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ.