THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RASAKO, Appellant. [911 NYS2d 48]—

Judgment, Supreme Court, New York County (Thomas A. Farber, J.), rendered August 28, 2008, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of six years, unanimously affirmed.

In this observed sale case, the court properly exercised its discretion in receiving evidence that, minutes before the charged sale, the observing officer saw defendant engage in suspicious behavior with another individual. This testimony provided necessary background information that completed the narrative and explained why the officer focused his attention on defendant (see e.g. People v Birch, 69 AD3d 425 [2010], lv denied 14 NY3d 797 [2010]; People v Toppy, 68 AD3d 635 [2009], lv denied 14 NY3d 806 [2010]; People v Urena, 306 AD2d 137 [2003], lv denied 100 NY2d 625 [2003]). Furthermore, the nearly contemporaneous transaction carried relatively little suggestion of general criminal propensity, and its probative value outweighed any prejudice (see People v Pressley, 216 AD2d 202 [1995], lv denied 86 NY2d 800 [1995]).

The court properly declined to give an adverse inference charge with respect to the absence of surveillance videotapes. There was no evidence that the video cameras placed in the park where this sale occurred recorded anything relevant to this case, and the evidence suggested otherwise (see People v Scott,

309 AD2d 573, 574 [2003], *lv denied* 2 NY3d 806 [2004]). Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Román, JJ.