■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIKA MOORE, Appellant. [998 NYS2d 359]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered April 15, 2011, as amended December 14, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing her, as a second felony drug offender previously convicted of a violent felony, to an aggregate term of $7^1/_2$ years, unanimously affirmed.

Defendant's claims pursuant to *Batson v Kentucky* (476 US 79 [1986]) are unpreserved, and we decline to review them in the interest of justice. In the first round of jury selection, defense counsel commented on the prosecutor's pattern of peremptory challenges. However, upon careful inquiry by the court, defense counsel made it clear that he was not making a *Batson* application, or, to the extent he could be viewed as doing so, he was withdrawing the application. In the second round, defense counsel made a *Batson* application generally claiming a prima facie case of discrimination, but addressed only to a particular panelist whom the People had unsuccessfully challenged for cause, and then challenged peremptorily. When the court ruled that the People's reasons for their unsuccessful cause challenge clearly constituted nonpretextual reasons for a peremptory challenge as well, defense counsel remained silent, thereby failing to preserve the issue (*see People v Allen*, 86 NY2d 101, 111 [1995]). Moreover, he never alerted the court to his present claim that the court should have also directed the People to provide explanations for the peremptory challenges they had exercised on the first round, and that issue is likewise unpreserved (*see People v James*, 99 NY2d 264, 271 [2002]). As an alternative holding, we reject these claims on their merits. The court's ruling as to the panelist from the second round was supported by the record, and with regard to the first round, defendant did not properly develop the record or produce evidence sufficient to permit the court to draw an inference of unlawful discrimination.

The court properly exercised its discretion in receiving, with suitable limiting instructions, evidence of a contemporaneous uncharged sale to complete the narrative of events leading up to defendant's arrest, to explain why the observing officer targeted defendant and focused on her continuing activity, and to estab-

lish defendant's intent to sell the additional drugs recovered by the police (*see e.g. People v Toppy*, 68 AD3d 635 [1st Dept 2009], *lv denied* 14 NY3d 806 [2010]; *People v Flores*, 26 AD3d 196 [1st Dept 2006], *lv denied* 7 NY3d 756 [2006]; *People v Pressley*, 216 AD2d 202 [1st Dept 1995], *lv denied* 86 NY2d 800 [1995]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.