■ In the Matter of TIYANA D.R., a Person Alleged to be a Juvenile Delinquent, Appellant. [13 NYS3d 528]—Appeal from a corrected order of disposition of the Family Court, Kings County (Michael Ambrosio, J.), dated April 24, 2014. The order adjudicated Tiyana D.R. a juvenile delinquent and placed her on probation for a period of 12 months. The appeal brings up for review the fact-finding order of that court (Jacqueline D. Williams, J.), dated February 24, 2014, which, after a hearing, found that she committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree.

Ordered that the appeal from so much of the corrected order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the corrected order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the corrected order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Jonathan E.*, 119 AD3d 943 [2014]). However, since there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the corrected order of disposition as adjudged the appellant to be a juvenile delinquent, and which brings up for review the order of fact-finding, has not been rendered academic (*see* Family Ct Act § 783; *Matter of Jonathan E.*, 119 AD3d 943 [2014]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree (*see Matter of Kevin M.*, 64 AD3d 655 [2009]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Brooklyn B.*, 77 AD3d 934, 935 [2010]; *Matter of Victor I.*, 57 AD3d 778, 780 [2008]).

Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination with regard to the appellant's intent, and its rejection of the appellant's justification defense, were not against the weight of the evidence (*see Matter of Kevin M.*, 64 AD3d 655 [2009]). Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.