◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL VIRUET, Appellant. [15 NYS3d 447]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered January 8, 2013, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the identification evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as the perpetrator and his guilt of the crimes of which he was convicted beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim that the Supreme Court deprived him of his right to a public trial is unpreserved for appellate review (*see People v Barnes*, 125 AD3d 990, 991 [2015]; *People v Borukhova*, 89 AD3d 194, 225 [2011]). In any event, the defendant's contention is without merit.

The Supreme Court properly declined to give an adverse inference charge with respect to a missing surveillance videotape. There was no evidence that the video camera recorded anything relevant to the case, and the evidence suggested otherwise (*see People v Rasako*, 78 AD3d 498 [2010]; *People v Hooks*, 71 AD3d 1184, 1186 [2010]). Furthermore, defense counsel thoroughly cross-examined the officer about the missing videotape and utilized its loss as part of his summation, and there was no prejudice to the defendant, since the two witnesses who had seen the videotape prior to its loss testified that the shooter was not depicted in the videotape (*see People v Martinez*, 22 NY3d 551 [2014]; *People v Mitchell*, 216 AD2d 156, 156-157 [1995]; *People v Haupt*, 128 AD2d 172, 174-175 [1987], *affd* 71 NY2d 929 [1988]).

The defendant's contention that the Supreme Court failed to provide an expanded identification charge and that such fail-

ure deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Baxter*, 102 AD3d 805 [2013]). In any event, the defendant's contention is without merit (*see People v Knight*, 87 NY2d 873 [1995]; *People v Patrick*, 102 AD3d 892 [2013]).

Viewing the record as a whole, the defendant was afforded meaningful representation and, thus, was not deprived of effective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708 [1998]).

The defendant's remaining contention is without merit. Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.