In the Matter of RAIQUAN M., a Person Alleged to be a Juvenile Delinquent, Appellant. [28 NYS3d 691]—

Appeals from an order of fact-finding of the Family Court, Kings County (Terrence J. McElrath, J.), dated October 30, 2014, and an order of disposition of that court dated December 5, 2014. The order of fact-finding, after a hearing, found that Raiquan M. had committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree. The order of disposition, upon the order of fact-finding, adjudicated Raiquan M. to be a juvenile delinquent and placed him on probation for a period of 12 months.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Tiyana D.R.*, 130 AD3d 833 [2015]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding order, has not been rendered academic (*see* Family Ct Act § 783; *Matter of Tiyana D.R.*, 130 AD3d 833 [2015]).

The appellant contends that the Family Court failed to impose an appropriate sanction on the presentment agency for the destruction of evidence from cameras located in the area of the alleged incident and operated by the New York City Police Department (*see* Family Ct Act §§ 331.2, 331.6 [1]). The appellant's contentions are unpreserved for appellate review (*see Matter of Terrance B.*, 40 AD3d 1083 [2007]; *cf.* CPL 470.05 [2]; *People v Williams*, 64 AD3d 734 [2009], *affd* 16 NY3d 480 [2011]) and, in any event, without merit, as the Family Court properly imposed the sanction of a permissive adverse inference charge (*cf. People v Handy*, 20 NY3d 663, 669 [2013];

*People v Viruet*, 131 AD3d 714 [2015]). The Family Court, as the finder of fact, was not required to draw an adverse inference simply because such an inference was available (*cf. People v Blake*, 24 NY3d 78, 83 [2014]). Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.