■ In the Matter of LESEAN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [26 NYS3d 773]—Appeal from an order of disposition of the Family Court, Kings County

(Jacqueline D. Williams, J.), dated January 6, 2015. The order of disposition adjudicated Lesean C. a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review an order of fact-finding of that court dated July 1, 2014, which, after a hearing, found that Lesean C. committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree, criminal possession of a firearm, criminal possession of stolen property in the fourth degree, and criminal possession of a weapon in the fourth degree.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court's finding that he possessed a handgun found in a vehicle in which he was a passenger was not supported by legally sufficient evidence. Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), criminal possession of a firearm (Penal Law § 265.01-b), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Tiyana D.R.*, 130 AD3d 833 [2015]; *cf.* CPL 470.15 [5]), we nevertheless accord deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's determination with respect to those charges was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero*, 7 NY3d 633, 644-645 [2006]). Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.